Honorable Steve W. Simmons District Attorney 303 City-County Building El Paso, Texas 79901
Re: Whether a child protective services specialist for the Department of Human Services may be a foster parent for that agency
Dear Mr. Simmons:
You ask whether a conflict of interest would exist if a child protective services specialist of the Texas Department of Human Services were a foster parent for the department.
Article 6252-9b, section 1, V.T.C.S., provides:
 It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties. It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.
Article 6252-9b, section 8(c) provides:
 No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.
The Department of Human Services is responsible for regulating foster family homes as well as other child-care facilities. Hum.Res. Code §§ 42.001 et seq. To fulfill that responsibility, the department has promulgated qualifications and standards for foster parents. 40 T.A.C. §§ 83.231 through 83.248. See also Hum.Res. Code § 41.021 (department may pay the cost of foster care in some circumstances). Although you indicate that a child protective services specialist is assigned to every foster child, you do not describe the specific responsibilities of a child protective services specialist. You make clear, however, that you are not asking whether a child protective services specialist may be assigned to his own foster child. See generally Hum.Res. Code § 42.021 (department shall employ sufficient personnel to fulfill its responsibility to protect children in child-care facilities).
In the brief you submitted with your request, you suggest several potential conflicts of interest. You state, for example:
 Being a foster parent entails certain obligations and responsibilities, such as attending service plan reviews, court hearings, and other foster parent-related activities. A child protective services specialist's job is a full-time job that many times requires the specialist to work more than the usual 40-hour week. Problems will arise in that, as a foster parent, the child protective services specialist would have to be taking time off from his employment to be at meetings and other activities required of foster parents, thereby leading to interruptions of said employee's job time.
If the department determined that a potential foster parent would not be able to meet the needs of a foster child because of job responsibilities or for any other reason, that person would not be qualified to be a foster parent. See generally 40 T.A.C. § 83.234. If the "conflicts" you describe, however, were conflicts of interest for purposes of article 6252-9b, then no state employee could be a foster parent or, for that matter, a parent. Article 6252-9b does not prohibit state employees from engaging in activities or hobbies that might occasionally require them to use their leave or to be unavailable for overtime work. Cf. Letter Advisory No. 62 (1973) (the fact that an individual might not have sufficient time to devote to two public positions does not create legal incompatibility).
You also suggest that the interests a child protective services specialist would have as a foster parent might affect the decisions he would have to make as a child protective services specialist. If a child protective services specialist's role as a foster parent impaired his ability to make decisions and judgments required for his job, then a conflict of interest for purposes of article 6252-9b would exist. The determination of whether such a conflict does exist is a question of fact and should be determined by the department. See Attorney General Opinions H-1223 (1978) (determination of whether a conflict of interest exists for purposes of article 6252-9b is a fact question that cannot be resolved in the opinion process); H-688 (1975) (determination of whether a conflict of interest exists for purposes of article 6252-9b must be made by body of which legislator in question is a member); see also Attorney General Opinion H-1317 (1978) (to the extent that rule of Department of Human Resources precludes employee's possession of a real estate license where no conflict of interest exists and where employee's performance is in no way impaired, rule is invalid).
 SUMMARY
The question of whether a Department of Human Services child protective services specialist may serve as a foster parent is a question of fact that cannot be resolved in the opinion process.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General